O’Neall, J.
delivered the opinion of the Court.
On considering this case, I was at first disposed to think the decision of the Judge below correct; and it is certainly laid down in some of the earlier cases, that proof of a bill or note being lost, would put the holder to the proof of his acquisition of it for a valuable consideration, In a more recent case, Paterson v. Hard *452 acre, 4 Taunt. 114, it was held, that the holder will not be permitted to object to the want of such proof, unless he has given the plaintiff reasonable previous notice, so that he may come to trial prepared to prove his consideration. The rule may there-£ore jje stafe(j now t0 {je; that where the defendant has given to the plaintiff, a holder of negotiable paper, reasonable notice that he will on the trial he required to prove the time and circumstances under which he received it, and the consideration which he paid for it, and proves on the trial that it was lost, stolen, or fraudulently put into circulation ; the plaintiff will then be required to prove the time when, and the circumstances under which he received it, and the consideration which he paid for it: and failing to make this proof, he will not be intitled to recover. Chitty on Bills, 84, 87, 393. This rule is more consistent with the correct administration of justice than that suggested by the Circuit Judge, and we therefore the more cheerfully adopt it: for the plaintiff acting on the ordinary rule, that possession of a bill or note is prima facie evidence of his being the holder for a valuable consideration, might be easily surprised and defeated by a defence, that the note or bill was lost, stolen, or fraudulently put into circulation, when if he had reasonable notice, he could easily prove every fact which such a defence would require him' to prove, in order to intitle himself to a recovery.
The motion to set aside the nonsuit, and for a new trial, is therefore granted.